**In re Vernon Lee FINNEY, Debtor–Defendant.**

No. 2:93cv793.

United States District Court, E.D. Virginia, Norfolk Division.

May 16, 1994.

See also, 141 B.R. 94.

Stanley E. Sacks, Sacks, Sacks & Imprevento, Norfolk, VA, for debtor-defendant.

Alexander Pierce Smith, Norfolk, VA, Trustee.

*OPINION*

REBECCA BEACH SMITH, District Judge.

*I. Facts and Procedural History*

On June 16, 1993, the Chapter 7 Bankruptcy Trustee, Alexander P. Smith ("the Trustee"), filed a motion to hold the debtor, Vernon Lee Finney, in contempt and for proper sanctions. The motion did not specify the type of contempt sought. However, the

Trustee now asserts that he sought only an adjudication of civil contempt; the truth of this contention is clear from the transcript. The bankruptcy court then entered an order directing the debtor to appear to show cause why he should not be held in contempt of court. This order was prepared by the Trustee, but the bankruptcy judge inserted a handwritten sentence as follows: "be certified to the U.S. District Court for consideration of criminal contempt." The bankruptcy judge clearly sought to have Mr. Finney show cause why he should not be held in criminal contempt as well as civil contempt.

The show cause order was served on the debtor and he appeared, with counsel, at a hearing conducted on July 28, 1993, before the bankruptcy judge. After taking evidence from the Trustee and the debtor, the bankruptcy court stated as follows:

> Assessing a fine, giving more time, I think ample time has been given. The trustee says he wants compliance and that's what he is entitled to.... but to fail to pull all this together and to get it behind, a case in bankruptcy must be thoroughly handled. And I agree with the argument if they all went like this one the system would collapse.
>
> The Court feels he has no alternative and I will certify this to the District Court for the consideration of criminal contempt. I can't put him in jail. I think the only compulsion to get done what should be done would be for him to be faced with that, to be jailed as a District Judge would have the authority to do for his failure to do that, and I will certify it to the United States District Court.

Transcript of Show Cause Hearing at 73–74 (July 28, 1993) (hereinafter "Tr.").

On August 4, 1993, the bankruptcy court entered a "Certificate of Criminal Contempt," setting forth the facts surrounding the debtor's disobeyance of a court order and certifying that the debtor did in fact disobey the order. The bankruptcy judge clearly considered that he was certifying the facts to the district judge with the ultimate determination of punishment for the criminal contempt to come from this court. The debtor filed no objections to the factual findings made in this certification.

A hearing was held before this court on February 11, 1994, at which time the court questioned whether the matter was properly before it, ordering the parties to submit briefs addressing whether the proper procedures were followed and the effect on this court's jurisdiction of the procedures actually utilized.[1] Both parties having submitted briefs, the matter is now ripe for resolution.

## II. The Bankruptcy Rules

The Federal Rules of Bankruptcy Procedure were prescribed by the Supreme Court pursuant to 28 U.S.C. § 2075 and govern procedure in United States Bankruptcy Courts. The rules were amended effective August 1, 1991. Rule 9020 governs contempt proceedings in the bankruptcy courts and provides that contempt committed outside the presence of a bankruptcy judge "may be determined by the bankruptcy judge only after a hearing on notice." Fed.R.Bankr.P. 9020(b). The notice must be in writing, state the essential facts constituting the contempt charged, describe the contempt as civil or criminal, state the time and place of the hearing, and allow a reasonable time for preparation of a defense. *Id.* Notice may be given on the court's own initiative, upon application of the United States Attorney, or by an attorney appointed by the court for that purpose. *Id.*

If, after holding an evidentiary hearing, the bankruptcy judge determines that the debtor should be held in criminal contempt,

---

1. First, the court questioned why the Trustee was prosecuting the matter and not the United States Attorney and was informed that the United States Attorney had declined to prosecute. Second, the court questioned the procedure followed by the bankruptcy court, whereby the bankruptcy judge certified the facts to the district court, but failed to determine the punishment for criminal contempt. The parties then agreed to withdraw the reference of the bankruptcy court, if necessary, and to proceed with a *de novo* hearing. As articulated later in this opinion, the court finds that the bankruptcy judge complied with Rule 9020, and that no objections to the bankruptcy judge's certified facts were timely filed. *See infra* at 822–23. Therefore, the bankruptcy judge's order became final, and the matter is properly before this court only on punishment. *See infra* at 823. There is no need to withdraw the reference.

the judge enters an order of contempt. Fed. R.Bankr.P. 9020(c). The order must be served on the entity named therein and becomes effective ten days after service. *Id.* The order has the same force and effect as an order of contempt entered by the district judge unless, within the ten day period, the entity named in therein serves objections prepared in the manner provided in Rule 9033(b). *Id.* If objections are filed, then the order is reviewed as set forth in Rule 9033. *Id.*

Rule 9033 requires objections to be written, identify the specific proposed findings or conclusions objected to, and state the grounds for said objections. Fed.R.Bankr.P. 9033(b). The district court is to make a *de novo* review "upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made." Fed.R.Bankr.P. 9033(d).

### III. Compliance with Rule 9020

Upon a review of the procedures followed in the bankruptcy court, this court is of the opinion that the bankruptcy judge complied with the terms of Rule 9020. Therefore, the matter is properly before this court for a determination of the appropriate punishment.

### A. The Notice

■ It is clear that the debtor, Finney, was given notice that the court intended to hold a show cause hearing. A written "Order to Show Cause" was served upon both the debtor and his attorney, the notice stated the essential facts of the contempt charged, stated the time and place for the hearing, and allowed the debtor a reasonable time to prepare a defense.[2] The debtor claims that the notice did not sufficiently identify the contempt as criminal and that he was unprepared to defend against a criminal contempt charge. Thus, he alleges, he was not apprised of the fact that it was the type of case for which he could demand a jury. More-over, Mr. Finney asserts that the bankruptcy judge's handwritten insertion did nothing more than alert him to the fact that he was to show cause why his case should not be certified to the district court for *consideration* of criminal contempt. These defects in the show cause order, he claims, rendered the notice ineffective.

■ The court finds that the handwritten phrase inserted by the bankruptcy judge was more than sufficient to notify the debtor that he faced criminal contempt charges. It was then Mr. Finney's choice whether to demand a jury trial. Rule 9020 itself states clearly that "[n]othing in this rule shall be construed to impair the right to jury trial whenever it otherwise exists." Fed.R.Bankr.P. 9020(d). This is not a case in which the debtor was without the advice of counsel; the burden rested with Mr. Finney to request a jury trial if he so desired.[3] Because the bankruptcy judge made the decision to add criminal contempt to the show cause order, the notice in the case *sub judice* was given upon the court's own initiative. Such a procedure clearly is contemplated by Rule 9020 and, therefore, is valid. Fed.R.Bankr.P. 9020(b).

### B. The Hearing

A hearing was held within a reasonable period of time after the bankruptcy court issued the notice, also in compliance with Rule 9020. The parties appeared, presented evidence, and argued the merits of the case. At the close of the hearing, the bankruptcy judge indicated that he found sufficient evidence of criminal contempt and that he would certify the facts to this court for punishment. Tr. at 73–74.

### C. The Order

■ The bankruptcy judge then issued an order of contempt, albeit styled "Certificate of Criminal Contempt," and had it served on the debtor. Fed.R.Bankr.P. 9020(b). Mr.

2. The show cause order was entered on June 18, 1993, and the hearing was set for July 12, 1993. Ultimately the hearing was rescheduled and held on July 28, 1994, thus giving the debtor ample time to prepare a defense to the contempt charges.

3. Had Mr. Finney requested a jury trial, the bankruptcy court would have been without the power to hear the case. *In Re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir.1993). In that event, the case would have been set for trial on the merits in the first instance before this court.

Finney argues that the bankruptcy ·judge made no finding of criminal contempt, but instead merely found that the debtor failed to obey a court order. This argument is without merit. The order sets forth the bankruptcy judge's finding that Mr. Finney disobeyed a court order and, because of its title, clearly indicates that said action constituted criminal contempt.

Under the rule, the bankruptcy court's order becomes effective ten days after it is served on the entity named therein and has the same force and effect as an order of contempt entered by the district court, unless objections are filed in the manner provided for in Rule 9033.[4] Fed.R.Bankr.P. 9020(c). In the case *sub judice,* the debtor did not file any objections to the bankruptcy judge's "Certificate of Criminal Contempt." Thus, the bankruptcy judge's findings of fact have the same force and effect as findings of fact made by this court. *Id.*

The transcript of the show cause hearing shows that the bankruptcy judge believed that he did not have the power to punish for criminal contempt, and therefore he certified the facts to the district court. Tr. at 74. Indeed, the Advisory Committee Notes to Rule 9020 recognize that "bankruptcy judges may not have the power to punish for contempt." Fed.R.Bankr.P. 9020, Advisory Committee Notes; *see In re Bratton,* 117

B.R. 430 (W.D.Ark.1990) (bankruptcy court does not have the power to enter criminal contempt sanction, which includes imprisonment, without the intervention of the district court).[5] Likewise, this court concludes that the bankruptcy judge, despite finding Mr. Finney in criminal contempt, acted properly in not imposing punishment and in certifying the facts to the district court.

### IV. Conclusion

In summary, Rule 9020 sets forth the procedure to be followed in contempt proceedings before the bankruptcy court. This court finds, in the case *sub judice,* that the bankruptcy judge properly adhered to the procedures as set forth in Rule 9020 and summarized below.

For a contempt committed in a case before the bankruptcy judge, but outside his presence, the bankruptcy judge must give notice in writing of his intent to hold a hearing on contempt. Fed.R.Bankr. 9020(b). In the absence of a jury demand, the bankruptcy judge holds the hearing, at which the defendant must appear and show cause why he should not be held in criminal contempt. Because, in this court's opinion, the bankruptcy court lacks the power to punish for criminal contempt, the bankruptcy judge's next step is to certify the facts to this court. If no

---

4. Rule 9033 provides that objections must be written, identify the specific proposed findings of fact or conclusions of law objected to, and state the grounds for the objections. The debtor argues that Rule 9020's reference to Rule 9033 requires the bankruptcy court to make proposed findings of fact and conclusions of law and that the court here made no such findings or conclusions. However, all that Rule 9020 requires is entry of an order of contempt; it says nothing about findings of fact or conclusions of law, except by reference to Rule 9033. Moreover, the bankruptcy judge did set forth his findings of fact in the "Certificate of Criminal Contempt" filed on August 4, 1993, with the resulting legal conclusion obvious from the order itself. *See supra* at 822–23.

5. The circuit courts examining the issue disagree on the validity of Rule 9020, insofar as the rule addresses criminal contempt. *Compare Matter of Hipp, Inc.,* 895 F.2d 1503, 1518 (5th Cir.1990) (holding that bankruptcy courts do not have jurisdiction to try, or convict and sentence, for criminal contempts) *with In re Ragar,* 3 F.3d 1174, 1178–79 (8th Cir.1993). The Fourth Cir-

cuit has not addressed the issue. *In re Walters,* 868 F.2d 665, 670 (4th Cir.1989) (approving Rule 9020 for civil contempt, but declining to express an opinion on criminal contempt).

The dispute centers around the source of the power to hold hearings on criminal contempt, enter orders of contempt, and propose punishment for the contempt. *See Matter of Hipp, Inc.,* 895 F.2d at 1515–17. Perhaps most troubling is the portion of the rule that permits the order, and accompanying punishment, to become final and carry the force and effect of an order entered by the district court. *See In re Ragar,* 3 F.3d at 1177. As the Eighth Circuit noted in *In re Ragar,* "the Bankruptcy Court here acted much as a magistrate judge would have on a matter lawfully assigned to him or her for a report and recommendation under 28 U.S.C. § 636." 3 F.3d at 1178. Like the bankruptcy order involved in the case at bar, a report and recommendation becomes final absent any objections. Here the bankruptcy judge's findings of fact and legal conclusion of criminal contempt became final, with punishment based thereon left to the district court.

objections are interposed to the bankruptcy court's order, the bankruptcy judge's finding of criminal contempt becomes final.[6] Under no circumstances, however, can the bankruptcy judge impose punishment; the defendant must appear before this court for that determination.

Thus, having concluded that the matter is properly before this court, and accepting the bankruptcy judge's certification of criminal contempt as final, all that remains is to determine an appropriate punishment. Because the parties did not argue the issue of punishment, the Clerk is DIRECTED to set a hearing for the limited purpose of determining the appropriate punishment to be imposed for Mr. Finney's criminal contempt.

It is so ORDERED.

---

6. Moreover, after reviewing the record and hearing evidence and argument from the parties, this court, as articulated at the hearing on February 11, 1994, firmly agrees with the bankruptcy judge's finding of criminal contempt.